## Case No. 13,330a.

### STEADMAN v. CASWELL et al.

[2 Hask. 375.][1]

District Court, D. Maine. Jan., 1880.

BANKRUPTCY—CONVEYANCE—VALIDITY—TITLE IN TRUST.

1. A conveyance by a bankrupt within one month of his bankruptcy proceedings, of real and personal property that he had previously sold. received pay for and surrendered to the purchaser, but had not conveyed, in the absence of fraud, is valid.

2. The title to such property is held in trust for the purchaser. and the bankrupt's conveyance of the same after he became insolvent, and knew it. is not fraud of the bankrupt act [of 1867 (14 Stat. 517)].

In equity. Bill by the assignee in bankruptcy of Samuel B. Scribner, against him and his mother and sister, seeking to annul a conveyance by the bankrupt to his mother and sister of his distributive share in his father's estate, made within one month of his bankruptcy proceedings as a fraudulent preference and a conveyance made in fraud of the bankrupt act. The defendants severally answered that. in 1873 and '74, the bankrupt having sold his distributive share in his father's estate, consisting of real and personal property, to his mother and sister, then received payment for the same, at which time they took and afterwards kept the possession thereof; and that his deed to them of the same made September 12, 1877, to perfect their equitable title, and within one month of the time when he filed his petition to be adjudged a bankrupt on October 2, 1877, was not void under the bankrupt law.

George F. Holmes and Almon A. Strout, for orators.

H. S. and H. C. B. Reade, for respondents.

FOX, District Judge. After perusing the entire testimony a second time, I have been brought to the conclusion that, in 1873 and 1874, the respondents, Abby M. Caswell and Betsey Scribner paid to Samuel B. Scribner the sum of $1100 in full for his interest in all the estate, real and personal, of his father at his decease.

From the time of such payment, Samuel B. Scribner held the title to the property in trust for the mother and sister; and, although he was insolvent at the time of the conveyance and was undoubtedly aware of his condition at that time, he was justified, under the bankrupt act, in perfecting his contract with his mother and sister, and conveying to them the legal title to the property that they had previously purchased.

The assignee is not in a condition to question such a conveyance, although made less than a month before proceedings in bankruptcy were instituted. The result therefore is, bill dismissed without costs.